IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHONG SU YI, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PWG-16-1369 |
| DEPARTMENT OF MOTOR VEHICLE OF GLENMONT MARYLAND | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff Chong Su Yi filed a Complaint on behalf of himself "[a]nd people . . . similarly situated" on May 6, 2016, ECF No. 1, together with a Motion to Proceed in Forma Pauperis, ECF No. 2. Because Plaintiff appears to be indigent, the motion shall be granted.

The Complaint characterizes the facts and arguments in this case as:

3. Federal Question:

Code of Maryland Regulations 11.11.05.03; allows State of Maryland to collect 15 dollars; of plaintiff's driver's license; 9/18/2015; on driver license renewal fee; Code of Maryland Regulations allows Department of Motor Vehicle to deny issuance of driver's license; to its citizen; with clean driving records; deserving of license issued; These took place; because Plaintiff's driver license was suspended from 1999 to 2010; And information was stored in NDR [National Driver's Registry]; input by State of Illinois at National Driver's Registry; done by Compact of several States without Consent of Congress;

During this period Maryland Department of Motor Vehicle refuse to issue license; multiple times; after checking NDR; due to records put in by State of Illinois;

Multitude law firms were hired during 10 yrs.; and could not resolve the issues.

Could NOR exist without interstate commerce clause invoked to Plaintiff Driver License?

Could NDR exist without constitutional mandate allowing interstate commerce; i.e. federal agency; constitutional mandate?

4. Facts of the case are:

Plaintiff was notified to renew license and had done so on or about 9/8/2015;

> 1976 was year Plaintiff had first driver's license from State of Maryland; after taking high school summer school driver's education class;
>
> accumulation of moving violation from April 18th 1999 to May 1 1999; allowed suspension of driver's license lasting 10yrs; due to points solely from moving violation ipso facto in the prior ordo cogniscendi; put in to National Driver's Registry by State of Illinois Sectary of State; which was cleared by beginning of2010; and received driver's license in April 15th 2010; then it was renewed September 18th 2015; as per COMAR 11.11.03.05.
>
> . . .
>
> 6. Argument of the cases are:
>
> . . .
>
> NDR is federal agency without constitutional mandate; which makes unconstitutional; in elevating class D of driver license; fee received; is not level of trucking; Department of Transportation; without constitutional changes; which NDR ipso facto in the prior ordo cogniscendi could not prevail; then the State of Illinois could not have exerted force; Therefore, Plaintiff is entitled to relief;

Compl. 2-3.

Plaintiff seeks damages in the amount of $15.00 times 100 times in punitive damages as well as injunctive relief ordering that NDR cease and deist the levying or renewal. *Id.* at 4.

This Complaint is filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In this context, this Court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985)

(stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations.... It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf based on the suspension and renewal of his driver's license. Additionally, "a *pro se* plaintiff like [Chong Su Yi] cannot maintain a class action under any circumstances; the assistance of counsel is always required." *Tresvant v. Oliver*, No. DKC 12-0406, 2013 WL 598333, at *4 (D. Md. Feb. 15, 2013) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

A separate Order follows dismissing this case.

June 23, 2016
Date

Paul W. Grimm
United States District Judge